IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>    Plaintiff,<br><br>   v.<br><br>JOHN G. ROBERTS, JR., *et al.*,<br><br>    Defendants.<br>_____ / | No. CV 13-03676 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Currently before the Court are defendants' motion to dismiss and plaintiff's motion for summary judgment. Defendants' motion to dismiss is scheduled for a hearing on December 6, 2013. Plaintiff's motion for summary judgment is scheduled for a hearing on November 15, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES both hearings.[1] For the reasons set forth below, the Court GRANTS defendants' motion to dismiss, DENIES as moot plaintiff's motion for summary judgment, and DISMISSES the case with prejudice.

**BACKGROUND**

The present action is related to the denial of plaintiff's petition for writ of certiorari challenging a summary judgment dismissal in a prior federal action. The Court will briefly summarize the

---

[1] Accordingly, the Court grants defendant's administrative motion to vacate the two hearing dates. Docket No. 17.

background of this prior action.

## I. Plaintiff's Prior Federal Action

On February 2, 2010, plaintiff commenced a civil action against John E. Potter, in his official capacity as Postmaster General of the United States Postal Service, alleging claims for employment discrimination, conspiracy, fabrication of evidence, and intimidation by postal employees.[2] Compl. ¶ 13 & Ex. I, p. 1. In June 2011, Judge Richard Seeborg granted defendant's motion for summary judgment and entered judgment in the action. The Ninth Circuit affirmed Judge Seeborg's grant of summary judgment, *Id.* ¶ 22, and later denied plaintiff's petition for rehearing en banc. *Id.* ¶ 28.

On February 12, 2013, plaintiff petitioned the Supreme Court for writ of certiorari, challenging Judge Seeborg's summary judgment order, the Ninth's Circuit's denial of his appeal, and the Ninth Circuit's denial of rehearing en banc. Compl. ¶ 33, Ex. III. On March 4, 2013, Solicitor General Verrilli waived the Government's right to respond to plaintiff's petition for certiorari. *Id.* ¶ 34, Ex. IV. On March 25, 2013, Supreme Court Clerk William K. Suter notified plaintiff of the Supreme Court's denial of certiorari. *Id.* ¶ 35, Ex. V. Plaintiff then petitioned the Supreme Court for rehearing, first on April 17, 2013, which was denied on May 20, 2013, and again on June 12, 2013. *Id.* ¶¶ 36, 38 & 40, Exs. VI-VIII. The supervisor of new cases in the Clerk's office, Jeffrey Atkins, returned the second petition for rehearing to plaintiff unfiled. *Id.* ¶ 41. Atkins cited Supreme Court Rule 44.4, which bars receipt of consecutive petitions for rehearing, as the basis for his refusal to file the second petition. *Id.* Ex. IX. Plaintiff responded by filing an "Emergency Application for an Order Directing the Clerk to File Petition for Rehearing" with Circuit Justice Anthony M. Kennedy. *Id.* Ex. X. The emergency application asked Justice Kennedy to direct the Clerk to file the second petition for rehearing. *Id.* ¶ 42. On July 28, 2013, a case analyst for the Clerk's office, Redmond K. Barnes, notified plaintiff that he would not forward the emergency application to Justice Kennedy, also citing Supreme Court Rule 44.4 against consecutive petitions for rehearing. *Id.* ¶ 43 & Ex. XI.

---

[2] *Ou-Young v. Potter*, C 10-0464 RS (N.D. Cal., filed Feb. 2, 2010).

## II. The Present Action

On August 7, 2013, plaintiff, proceeding pro se, filed the present action against defendants John G. Roberts, Jr., Chief Justice of the United States; Eric H. Holder, Jr., Attorney General of the United States; Donald B. Verrilli, Jr., Solicitor General of the United States; William K. Suter, former Clerk of the Supreme Court of the United States; Jeffrey Atkins, supervisor of new cases in the Office of the Clerk of the Supreme Court of the United States; and Redmond K. Barnes, case analyst in the Office of the Clerk of the Supreme Court of the United States. In the complaint, plaintiff alleges causes of action for fabrication, 18 U.S.C. § 1512(c), intimidation, 18 U.S.C. § 1512(b), conspiracy, 18 U.S.C. § 371, and liability under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Compl. ¶¶ 45-58. Plaintiff challenges defendants' actions related to the Supreme Court's denial of his writ of certiorari and request for rehearing, and the refusal to file the second petition for rehearing or to forward the emergency application to Justice Kennedy. *See id.*

On September 20, 2013, defendants moved to dismiss the action, arguing that this Court lacks subject matter jurisdiction because the defendants are entitled to absolute immunity from plaintiff's claims. Docket No. 11. Plaintiff opposed the motion to dismiss and simultaneously filed a motion for summary judgment on October 11, 2013. Docket No. 16. All parties' oppositions and replies have been received and reviewed by the Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint.[3] *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as

---

[3] A claim of entitlement to absolute immunity can be brought as a motion to dismiss under Rule 12(b)(1). *See Petty v. Shojaei*, 2013 U.S. Dist. LEXIS 156636 at *39 n.14 (C.D. Cal. Sept. 27, 2013) (citing *Uptergrove v. United States*, 2008 WL 2413182 at *5 (E.D. Cal. June 12, 2008) ("[W]here an official is entitled to absolute immunity, that immunity bars the court's jurisdiction as to claims against that official so that dismissal is warranted pursuant to Rule 12(b)(1)")).

3

a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the Court determines that subject matter jurisdiction is lacking, it must dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

## DISCUSSION

The parties dispute whether each defendant, in his respective governmental capacity, is immune from civil liability based on his involvement in plaintiff's prior federal action. Taking the allegations in the complaint as true, the Court concludes that all defendants are entitled to absolute immunity from plaintiff's claims.

### I.  Chief Justice Roberts

It is well settled that judges have absolute immunity from a suit for damages, declaratory relief, injunctive relief, or other equitable relief based on their judicial conduct. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (internal quotations omitted) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)). "'Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity.'" *Id.*

A judge is not immune from liability in two circumstances: actions that are nonjudicial, i.e., "actions not taken in the judge's judicial capacity"; and actions "though judicial in nature, taken in the

4

1 complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). In determining
2 whether an act is within a judge's judicial capacity, courts must look to "the particular act's relation to
3 a general function normally performed by a judge." *Id.* at 13 (citing *Stump v. Sparkman*, 435 U.S. 349,
4 362 (1978)). Actions taken by a judge in the exercise of his or her normal judicial functions can include
5 the issuance of an order directing court personnel to take a particular action, as in *Mireles*, or the basic
6 supervision of court staff. *See Parlante v. Peterson*, No. CIV S-07-2502 LKK DAD PS, 2008 WL
7 719242, at *4 (E.D. Cal. Mar. 17, 2008), *aff'd*, 323 F. App'x 529 (9th Cir. 2009).

8 Here, plaintiff alleges that Chief Justice Roberts is liable as a supervisor for the actions of
9 defendants Suter, Atkins, and Barnes in issuing the denials of certiorari and rehearing, and in refusing
10 to file the second petition for rehearing or to forward the emergency application to Justice Kennedy.
11 Compl. ¶ 58. However, Chief Justice Roberts' supervision of Supreme Court staff is action squarely
12 within the Chief Justice's normal judicial functions and scope of authority. *See Mireles*, 502 U.S. at 13;
13 *Parlante,* 2008 WL 719242, at *4. Therefore, plaintiff's claims against Chief Justice Roberts are barred
14 by judicial immunity.

16 **II.      Supreme Court Clerks Suter, Atkins, and Barnes**

17 Judicial and quasi-judicial immunity extends to nonjurists "who perform functions closely
18 associated with the judicial process." *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) (quoting
19 *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). The Supreme Court has outlined a functional
20 approach to determining when quasi-judicial immunity applies, stating that "[w]hen judicial immunity
21 is extended to officials other than judges, it is because their judgments are functionally comparable to
22 those of judges – that is, because they, too, exercise a discretionary judgment as a part of their function."
23 *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (internal quotations omitted).

24 With respect to court clerks, the Ninth Circuit has declared that absolute quasi-judicial immunity
25 extends to court personnel "when they perform tasks that are an integral part of the judicial process,"
26 such as scheduling, filing, and giving the parties notice of hearings. *In re Castillo*, 297 F.3d at 951-52;
27 *Mullis*, 828 F.2d at 1390; *see also Buckwalter v. Nevada Bd. of Med. Exam'rs,* 678 F.3d 737, 746 (9th
28 Cir. 2012) (concluding that medical board members were clearly acting in a judicial capacity when they

5

set a postdeprivation hearing date). These tasks may appear administrative in nature, but "when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d at 952; *see also Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir.1996) ("[T]he fact that the activity is routine or requires no adjudicatory skill renders that activity no less a judicial function") (internal quotations and citations omitted). The court must focus on the "'ultimate act' rather than the constituent parts of the act." *In re Castillo*, 297 F.3d at 952 (finding that the "ultimate act" in the case was the composite of the actions to schedule and to give notice of an adjudicatory hearing).

Plaintiff alleges claims against former Supreme Court Clerk Suter and two other Supreme Court clerks, Jeffrey Atkins (supervisor of new cases) and Redmond Barnes (case analyst), based on their actions to notify plaintiff of the denial of his petitions for certiorari and for rehearing, and to leave unfiled plaintiff's second petition for rehearing and emergency application. Compl. ¶¶ 45, 46, 48, 49, 51, 52, 54 & 55. However, defendants' actions are all integral parts of the judicial process. *See In re Castillo*, 297 F.3d at 951-52; *Mullis*, 828 F.2d at 1390 (finding that a clerk's failure to give proper counseling regarding the filing of a bankruptcy petition, acceptance of an incomplete petition, and later refusal to accept an amended petition were actions subject to quasi-judicial immunity). When viewed in the full context of the action, the defendants' activities are comparable to judicial functions because they inseparable from the "ultimate act," which is the disposition of plaintiff's appeal. *In re Castillo*, 297 F.3d at 952. Moreover, these acts were within the scope of the clerks' duties as Supreme Court staff because such filing must be conducted through them. *Mullis,* 828 F.2d at 1390. Accordingly, plaintiff's claims against defendants Suter, Atkins, and Barnes are barred by absolute quasi-judicial immunity.

### III.    Attorney General Holder and Solicitor General Verrilli

The Supreme Court has granted absolute immunity to judges, prosecutors, witnesses, and officials performing "quasi-judicial functions." *Mitchell v. Forsyth*, 472 U.S. 511, 520 (1985) (internal quotations omitted). Quasi-judicial functions include activities that are "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976), such as when a prosecutor is performing the traditional functions of an advocate. *Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th Cir. 2005). This extension of immunity protects the prosecutor's ability "to exercise

independent judgment and to advocate vigorously without the threat of retaliation." *Id.* at 637. "It is inevitable that many of those who lose will pin the blame on judges, prosecutors, or witnesses and will bring suit against them in an effort to relitigate the underlying conflict." *Mitchell*, 472 U.S. at 521-22 (citations omitted). The Supreme Court has withheld application of absolute prosecutorial immunity when a prosecutor's activities cross the line from advocacy to "police-type investigative work." *Genzler*, 410 F.3d at 637 (exploring the contours of prosecutorial absolute immunity as developed in various Supreme Court cases).

Plaintiff brings claims against Solicitor General Verrilli for his alleged involvement in the court clerk's issuance of the denials of certiorari and rehearing, and refusal to file the second petition for rehearing or the emergency application. Compl. ¶¶ 47, 50, 53, 56. Plaintiff also brings a claim against Attorney General Holder in his role as supervisor of the solicitor general. Compl. ¶ 57. Plaintiff's allegations against the solicitor general and the attorney general "are based solely upon the attorneys' official conduct representing the government in the litigation." *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991). Because defendants Verrilli and Holder's alleged actions or inaction in this case were clearly done in their roles as advocates for the government, the defendants "fall within the class of government officials whose connection with the judicial process entitles them to absolute immunity." *Id.* Therefore, plaintiff's claims against defendants Holder and Verrilli are barred by absolute prosecutorial immunity.

## IV.  Conclusion

In sum, the Court concludes that all defendants are entitled to absolute immunity from plaintiff's claims. Because all of plaintiff's claims against the defendants are barred by absolute immunity, the Court dismisses the case with prejudice.[4] *See*, *e.g.*, *Holt v. Castaneda*, 832 F.2d 123 (9th Cir. 1987) (affirming district court's dismissal with prejudice based on absolute immunity).

---

[4] Defendants also argue that plaintiff's complaint should be dismissed because the criminal statutes plaintiff relies on in his complaint do not provide a private right of action and because plaintiff has failed to exhaust his administrative remedies before pursuing this action under the Federal Tort Claims Act. Because the Court dismisses plaintiff's action as barred by immunity, the Court declines to address these arguments.

7

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the complaint and DISMISSES the case with prejudice. Therefore, the Court DENIES as moot plaintiff's motion for summary judgment. This order resolves Docket Nos. 11, 16, and 17.

**IT IS SO ORDERED.**

Dated: November 8, 2013

SUSAN ILLSTON
United States District Judge