**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KUANG-BAO P. OU-YOUNG,           No. CV 13-03676 SI

    Plaintiff,

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND MOTION TO DISQUALIFY**

    v.

JOHN G. ROBERTS, JR., *et al.*,

    Defendants.

/

On November 8, 2013, the Court dismissed plaintiff's complaint with prejudice as barred by the doctrine of absolute immunity, and entered judgment in this action. Docket Nos. 26, 27. Now before the Court is plaintiff's motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) and plaintiff's motion to disqualify Judge Susan Illston as presiding judge of the present action. Docket Nos. 28, 29. These motions are scheduled for a hearing on December 20, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES both motions.

### I. Motion to Disqualify

Plaintiff argues that 28 U.S.C. § 47 disqualifies the undersigned judge from ruling on plaintiff's Rule 60(b) motion to vacate the judgment. Docket No. 29. 28 U.S.C. § 47 provides: "No judge shall hear or determine an appeal from the decision of a case or issue tried by him." However, a Rule 60(b) motion is not an appeal, *see McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987) ("Rule 60(b)

1 cannot be used as a substitute for an appeal."), and a Rule 60(b) motion should be decided by the district
2 court in which the original judgment was entered, *see Bankers Mortg. Co. v. United States*, 423 F.2d
3 73, 78 (5th Cir. 1970). Accordingly, the Court denies plaintiff's motion to disqualify.

## II. Motion to Vacate Judgment

Plaintiff argues that the Court should vacate the judgment pursuant to Rule 60(b)(3) and Rule 60(b)(6). Docket No. 28. Under Rule 60(b), a district court may relieve a party from a final judgment for the following reasons: "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [and] (6) any other reason that justifies relief." To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). The Ninth Circuit has cautioned that Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Id.* A Rule 60(b) motion may not be used to relitigate the issues central to the merits of the case. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004); *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995).

Plaintiff has failed to establish that he is entitled to relief under Rule 60(b). Plaintiff has not presented the Court with any evidence of fraud or circumstances beyond his control that prevented him from proceeding with the action in a proper fashion. In his motion, Plaintiff argues that he is entitled to relief under Rule 60(b)(3) because defendants' lack of jurisdiction arguments are contradicted by the Supreme Court's decision in *Bell v. Hood*, 327 U.S. 678 (1946). Docket No. 28 at 2-4. Plaintiff also argues that he is entitled to relief under Rule 60(b)(6) because the Court's dismissal order is contradicted by *Bell v. Hood*. Docket No. 28 at 4-5. Plaintiff's arguments are an attempt to relitigate the issues central to the merits of his action. "As the merits of a case are not before the court on a Rule 60(b)

2

motion," plaintiff's Rule 60(b) motion fails. *Casey*, 362 F.3d at 1261.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to disqualify and DENIES plaintiff's motion to vacate the judgment. Docket Nos. 28, 29.

**IT IS SO ORDERED.**

Dated: November 25, 2013

SUSAN ILLSTON
United States District Judge