IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN G. ROBERTS, JR., *et al.*,<br><br>    Defendants.<br>_____ / | No. CV 13-03676 SI<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO VACATE JUDGMENT AND SECOND MOTION TO DISQUALIFY** |

On November 8, 2013, the Court dismissed plaintiff's complaint with prejudice as barred by the doctrine of absolute immunity and entered judgment in this action. Docket Nos. 26, 27. On November 15, 2013, plaintiff filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) and a motion to disqualify Judge Susan Illston as presiding judge over the present action. Docket Nos. 28-29. On November 15, 2013, the Court denied plaintiff's motions. Docket No. 32.

On December 12, 2013, plaintiff filed a second motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) and a second motion to disqualify Judge Susan Illston as presiding judge over the present action. Docket Nos. 34-35. These motions are scheduled for a hearing on January 17, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES both motions.

In the two motions, plaintiff largely makes the same arguments that this Court previously rejected when it denied plaintiff's prior motion to vacate the judgment and motion to disqualify. In his

Rule 60(b) motion, plaintiff attempts to relitigate the merits of his action. However, a Rule 60(b) motion may not be used to relitigate the merits of the case. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004); *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995); *see also* Docket No. 32 at 2-3. Therefore, the Court denies plaintiff's second Rule 60(b) motion. In addition, the undersigned judge does not need to recuse herself under 28 U.S.C. § 47 because section 47 does not apply to plaintiff's motion to vacate the judgment. *See* Docket No. 32 at 1-2 (citing *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987); *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 78 (5th Cir. 1970)).

The only new argument raised in plaintiff's renewed motions is that the undersigned judge should recuse herself under 28 U.S.C. § 455(a). Docket No. 35 at 2-5. 28 U.S.C. § 455(a) provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Section 455(a) requires recusal when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013). "§ 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008).

Section 455(a) is self-enforcing on the part of the presiding judge. *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). "[It] includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *Id.* at 868; *see also In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) ("Neither section 455, nor the Federal Rules of Appellate Procedure, nor our local rules contain a mechanism for referring disqualification motions to someone else.").

In his motion, plaintiff argues that the undersigned judge has shown bias against him by granting defendants' motion to dismiss and denying plaintiff's prior Rule 60(b) motion and motion to disqualify. Docket No. 25 at 2-5. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a

2

deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*; *see also Holland*, 519 F.3d at 914 ("[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)."). Because the only evidence of bias plaintiff presents in his motion is adverse judicial rulings, plaintiff has failed to provide an adequate basis for recusal. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). Accordingly, the Court denies plaintiff's second motion to disqualify the undersigned judge.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's second motion to disqualify and DENIES plaintiff's second motion to vacate the judgment. Docket Nos. 34, 35.

**IT IS SO ORDERED.**

Dated: December 27, 2013

SUSAN ILLSTON
United States District Judge

3